DECEMBER 11, 1950

**No. 54994.**—General Electric Company *v.* United States, petition 6740–R.—

Rao, Judge: Petitioner herein has moved this court to set aside the judgment made in the above-entitled cause and entered on July 31, 1950, wherein the petition for remission of additional duties was denied. A rehearing is now sought on the grounds that said judgment is against the weight of the evidence and is contrary to law. Specifically, it is asserted that:

* * * We propose to show that the petitioner's burden of proof has been sustained, that the Court in its opinion has overlooked or misconstrued vital

evidence, the proper consideration of which requires a contrary holding, and that the admission of certain evidence by the Court and its reliance upon that evidence was error.

In the argument in support of these contentions, counsel for petitioner has called our attention to certain findings of fact which are not in accord with the evidence adduced at the trial. While they are not material, nor do they alter the conclusion we have reached, we propose at this time to modify the court's opinion.

It appears that in our opinion we stated the following with reference to the testimony of Austin T. McLoughlin:

On cross-examination, it was developed that the predecessor of the witness, a Mr. Losty, was still in the employ of the General Electric Company, and could easily have been contacted for information concerning customs matters. However, he was not consulted about the entry in this case. Furthermore, the witness admitted that he received from Mr. G. J. Beauvol, the appraiser at the port of Albany, a letter dated January 21, 1946, respondent's exhibit A, in which, among other things, he was advised as follows:

Column 11 should show the current price or quotation for home consumption or for export, whichever is the higher. It is suggested that the figures in Column 11 be carefully reviewed as current price for home consumption is usually quoted in the currency of the country of exportation whereas in the invoice filed by you Columns 9 and 11 are identical.

He thought the quoted paragraph was ambiguous, but did not ask Mr. Beauvol for any explanation thereof, *although three days later he wrote Beauvol concerning other portions of the letter.* * * * [Italics supplied.]

A review of the record reveals that the witness McLoughlin did not address the letter of January 24, 1946, to Mr. Beauvol, the appraiser. It was in fact addressed to Mr. J. F. Cummins, deputy collector of customs, United States Customs Service, Albany 7, N. Y. However, said letter, which was received in evidence as respondent's exhibit B, also contains the following:

cc: Mr. G. J. Beauvol
United States Customs House
Albany, N. Y.

The only portions of the letter which were excluded from evidence were the red-ink notations appearing on it. Accordingly, we may fairly assume that a copy thereof was sent to Mr. Beauvol. So that while in a technical sense it was not accurate to state that the witness wrote to Beauvol, in effect he did.

A further examination of respondent's exhibits A and B also reveals that the concluding phrase in the sentence which we have underlined, in the quotation from our opinion, *supra*, does not accord with the facts. The letter of January 24, 1946, was not in any sense an answer to respondent's exhibit A, nor was it concerned with "other portions of the letter." It referred to the fact that the number of pieces stated in the entry exceeded the number of pieces actually imported, and also to the fact that certain of the bearings were of American manufacture. It thus raised matters in connection with the entry which were not touched upon in the letter of January 21, 1946.

We therefore amend the sentence in question to read as follows:

He thought the quoted paragraph was ambiguous, but did not ask Mr. Beauvol for any explanation thereof.

In view of the foregoing, we deem it advisable also to amend the statement appearing in our opinion which reads:

McLoughlin thought that this portion of the communication was ambiguous, but failed to request an explanation, although he wrote to the appraiser about other matters covered by said letter.

by placing a period after the word "explanation" and deleting the remainder of the sentence.

We are not convinced by any of the arguments advanced by counsel for the petitioner in support of the instant motion that our ultimate conclusion denying this petition was improper. Accordingly, the motion is granted solely for the purpose of modifying our opinion in the manner heretofore specified.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment heretofore entered on the 31st day of July 1950, be and the same hereby is vacated; the submission set aside; and the case deemed resubmitted upon the record as presently constituted.

It is further ORDERED, ADJUDGED, and DECREED that our opinion dated July 31, 1950, reported in C. D. 1262, modified as indicated herein, be considered as the opinion in the case as resubmitted, and that the petition for remission be and the same hereby is denied.